UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTINA OGLESBY-WATTS,<br>Plaintiff<br>v.<br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br>Defendant. | Case No. 2:17-cv-02233-GJS<br><br>**MEMORANDUM OPINION AND ORDER** |

## I. PROCEDURAL HISTORY

Plaintiff Kristina Oglesby-Watts ("Plaintiff") filed a complaint seeking review of Defendant Commissioner of Social Security's ("Commissioner") denial of her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties filed consents to proceed before the undersigned United States Magistrate Judge [Dkts. 11, 12] and briefs addressing disputed issues in the case [Dkt. 16 ("Pltf.'s Br."), Dkt. 17 ("Def.'s Br."), and Dkt. 18 ("Pltf.'s Reply").] The Court has taken the parties' briefing under submission without oral argument. For the reasons discussed below, the Court finds that this matter should be affirmed.

## II. ADMINISTRATIVE DECISION UNDER REVIEW

Plaintiff first applied for SSI on June 30, 2009 ("first application") alleging disability since April 21, 2009. [Dkt. 15, Administrative Record ("AR") 442-48.] After Plaintiff's first application was denied initially, Plaintiff appeared and testified at a hearing ("Hearing #1") before Administrative Law Judge Sally C. Reason ("ALJ Reason"). [AR 42-82, 180.] ALJ Reason issued a written decision ("Decision #1") finding that Plaintiff was not disabled. [AR 177-97.] On July 24, 2013, the Appeals Council denied Plaintiff's request for review. [AR 198-204.] Because Plaintiff did not seek Federal court review within 60 days of the Appeals Council's decision, Decision #1 became the final decision of the Commissioner. [AR 198.] *See* 20 C.F.R. §§ 404.981, 416.1481 ("The Appeals Council's decision, or the decision of the administrative law judge if the request for review is denied, is binding unless you or another party file an action in Federal district court, or the decision is revised. You may file an action in a Federal district court within 60 days after the date you receive notice of the Appeals Council's action.").

On September 27, 2013, Plaintiff filed applications for SSI and DIB ("second application"), again alleging that she became disabled as of April 21, 2009. [AR 24, 460-70.] The Commissioner denied her initial claim for benefits on March 5, 2014. [AR 24, 173-76, 259.] On March 9, 2015, a hearing ("Hearing #2") was held before Administrative Law Judge Robert Milton Erickson ("ALJ Erickson"). [AR 83-142, 259.] At Hearing #2, Plaintiff amended her alleged onset date to October 12, 2011. [AR 25, 89-91.] On June 26, 2015, ALJ Erickson issued a decision denying Plaintiff's applications for benefits ("Decision #2"). [AR 256-72.] Plaintiff requested review from the Appeals Council, which on August 25, 2015, vacated Decision #2 and remanded the case for further administrative proceedings. [AR 24, 273-77.] On May 19, 2016, a hearing ("Hearing #3") was held before Administrative Law Judge Jesse J. Pease ("ALJ Pease"). [AR 25, 143-72.] At Hearing #3, Plaintiff confirmed the amended alleged onset date of October 12, 2011.

[AR 25, 154.] On June 26, 2015, ALJ Pease issued a decision denying Plaintiff's applications for benefits ("Decision #3"). [AR 21-45.]

Applying the five-step sequential evaluation process, ALJ Pease found that Plaintiff was not disabled. *See* 20 C.F.R. §§ 404.1520(b)-(g)(1), 416.920(b)-(g)(1).[1] At step one, ALJ Pease concluded that Plaintiff has not engaged in substantial gainful activity since her alleged onset date, as amended in both Hearing #2 and Hearing #3, of October 12, 2011, and that her date last insured was March 31, 2013. [AR 27 (citing 20 C.F.R. §§ 404.1571, 416.971).] At step two, ALJ Pease found that Plaintiff suffered from the following severe impairments: degenerative disc disease of the lumbar spine; obstructive sleep apnea; obesity; Achilles tendinitis and spurring on the right foot; carpal tunnel syndrome; and lower extremity peripheral neuropathy. [*Id.* (citing 20 C.F.R. §§ 404.1520(c), 416.920(c)).] Next, ALJ Pease determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. [AR 29 (citing 20 C.F.R. Part 404, Subpart P, Appendix 1; 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926).]

ALJ Pease found that Plaintiff had the following residual functional capacity ("RFC"):

> [Plaintiff] has the residual functional capacity to perform a limited range of light exertion as defined in 20 CFR 404.1567(b) and 416.967(b) and consisting of the following: [Plaintiff] can lift and carry 20 pounds

---

[1] To decide if a claimant is entitled to benefits, an ALJ conducts a five-step inquiry. 20 C.F.R. §§ 404.1520, 416.920. The steps are as follows: (1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two; (2) Is the claimant's impairment severe? If not, the claimant is found not disabled. If so, proceed to step three; (3) Does the claimant's impairment meet or equal the requirements of any impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is found disabled. If not, proceed to step four; (4) Is the claimant capable of performing her past work? If so, the claimant is found not disabled. If not, proceed to step five; (5) Is the claimant able to do any other work? If not, the claimant is found disabled. If so, the claimant is found not disabled. 20 C.F.R. §§ 404.1520(b)-(g)(1), 416.920(b)-(g)(1).

> occasionally and 10 pounds frequently. She can push and
> pull the same weight consistent with the lifting and
> carrying limitations. She can stand and walk for four
> hours out of an eight-hour workday, and she can sit for six
> hours out of an eight-hour workday. She can perform
> occasional postural activities. She can frequently walk on
> uneven terrain, but she cannot work with dangerous
> machinery or at unprotected heights. The use of her hands
> is limited to frequent and fine gross manipulation. She
> cannot perform forceful gripping or torqueing with the
> bilateral hands, such as when opening a tight jar or holding
> a heavy object. The claimant requires the use of a cane
> when outside her immediate work area.

[AR 29.] Applying this RFC, ALJ Pease found that Plaintiff was unable to perform her past relevant work, but determined that based on her age (41 years old at the alleged disability onset date), limited education, and ability to communicate in English, she could perform representative occupations such as sorter (DOT 739.687-182), phone clerk (DOT 237.367-014), and assembler (DOT 716.687-182), and, thus, is not disabled. [AR 38-39 (citing 20 CFR §§ 404.1569, 404.1569(a), 416.969, 416.969(a)).]

### III.  GOVERNING STANDARD

Under 42 U.S.C. § 405(g), this Court reverses only if the Commissioner's "decision was not supported by substantial evidence in the record as a whole or if the [Commissioner] applied the wrong legal standard." *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). Even if Plaintiff shows the Commissioner committed legal error, "[r]eversal on account of error is not automatic, but requires a determination of prejudice." *Ludwig v. Astrue,* 681 F.3d 1047, 1054 (9th Cir. 2012). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Molina,* 674 F.3d at 1111 (citing *Shinseki v. Sanders,* 556 U.S. 396, 409 (2009)). And "[w]here harmfulness of the error is not apparent from the circumstances, the party seeking reversal must explain how the error caused harm." *McLeod v. Astrue,* 640 F.3d 881, 887 (9th Cir. 2011). Courts have "affirmed under the rubric of harmless error where the mistake was

nonprejudicial to the claimant or irrelevant to the ALJ's ultimate disability conclusion." *Stout v. Comm'r, Soc. Sec. Admin.,* 454 F.3d 1050, 1055 (9th Cir. 2006).

## IV. DISCUSSION

Plaintiff contends that ALJ Pease in Decision #3 failed to evaluate properly the August 25, 2011 medical opinion of Dr. Michael C. Luciano, M.D., an examining physician, which was first submitted to the Appeals Council when Plaintiff requested review of Decision #1. [Pltf.'s Br. at 4-5, 7; AR 203, 1355-71, 1434-50.] The Commissioner argues that ALJ Pease was not required to discuss Dr. Luciano's opinion, because the examination took place during the period at issue in Decision #1 and res judicata bars reconsideration of the findings of Decision #1. [Def.'s Br. at 2-3.] In response, Plaintiff argues that, because Dr. Luciano's opinion was submitted to the Appeals Council rather than ALJ Reason, the opinion has not been adequately considered and ALJ Pease was required to discuss the opinion. [Pltf.'s Br. at 7-8].

### A. Dr. Luciano's August 25, 2011 Opinion

Dr. Luciano is an agreed medical examiner who evaluated Plaintiff for a worker's compensation claim arising from a work-related injury Plaintiff sustained on April 21, 2009. [Pltf.'s Br. at 5; AR 1363, 1442.] Dr. Luciano conducted a physical examination of Plaintiff and reviewed Plaintiff's medical records on at least two occasions, April 15, 2011 and August 25, 2011, and on both visits, Dr. Luciano diagnosed Plaintiff with lumbar disc disease with radiculopathy. [AR 1316, 1363, 1442.] On August 25, 2011, Dr. Luciano opined, in relevant part, that Plaintiff is prophylactically precluded from prolonged sitting. [Pltf.'s Br. at 5, 6; AR 1365, 1444.]

Dr. Luciano's August 25, 2011 opinion first became part of the administrative record in 2011, when it was submitted to the Appeals Council in relation to Plaintiff's request for review of Decision #1. [Pltf.'s Br. at 7; AR 203.] However,

in Plaintiff's second application, this opinion also appeared in the record before both ALJ Erickson and ALJ Pease, listed as exhibit B5F, along with other evidence from Plaintiff's first application. [AR 44, 272.] In Decision #3, ALJ Pease explicitly stated that he only considered medical evidence related to the period after Plaintiff's amended alleged onset date. [AR 30 ("The medical evidence is limited from the amended onset date through the date last insured of March 31, 2013. The medical evidence relevant to the present period begins in April 2013 . . .").] ALJ Pease did not discuss Dr. Luciano's opinion or any other evidence relating to the period before October 12, 2011. [*See* AR 21-45.]

### B. Analysis

Res judicata applies to previous administrative decisions regarding disability. *See Taylor v. Heckler*, 765 F.2d 872, 876 (9th Cir. 1985). Res judicata both bars reconsideration of that decision in a subsequent claim for benefits, *see id.*, and also creates a presumption of continuing nondisability, which a claimant may overcome by providing new and material evidence of changed circumstances, *see Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1988).

The Commissioner has the ability to reopen a prior decision of nondisability either on its own initiative or on a claimant's request. 20 C.F.R. §§ 404.987(a)-(b), 416.1487(a)-(b). The Commissioner may reopen a decision within 12 months for any reason, and within four years upon a finding of good cause.[2] 20 C.F.R. §§ 404.988, 416.1488. An ALJ may implicitly reopen a prior claim by considering on the merits a claimant's disability status during an already-adjudicated period. *See Lewis v. Apfel*, 236 F.3d 503, 510 (9th Cir. 2001).

Here, the record is clear Plaintiff did not request that the Commissioner

---

[2] The regulations also provide that a decision may be reopened at any time if there was fraud or similar fault. *See* 20 C.F.R. §§ 404.988(c), 416.1488(c). However, none of the 11 circumstances described in the regulations apply to this case. *See* 20 C.F.R. §§ 404.988(c)(1)-(11), 416.1488(c)(1)-(11).

reopen Decision #1. Plaintiff agreed to amend the alleged onset date to October 12, 2011 in both hearings regarding the second application. [AR 25, 89-91, 154, 259.] At Hearing #2, Plaintiff and her attorney were even given time off of the record and outside the presence of the ALJ to discuss the choice to amend the onset date. [AR 90-91.] Though Plaintiff's attorney indicated there was an argument as to whether Decision #1 should be "afforded judicial recognition," this remark did not constitute a request by Plaintiff to reopen Decision #1 given that Plaintiff's attorney only presented arguments pertaining to the period after Decision #1. [AR 89-90.][3]

Plaintiff does not argue nor does the Court find any evidence to show ALJ Pease implicitly reopened Decision #1. ALJ Pease found that there was a showing of a changed circumstances material to the determination of disability and that the presumption of continuing nondisability had been rebutted. [AR 25.] The Court understands ALJ Pease's statement that he "do[es] not give res judicata effect to the findings of the prior ALJ decision under the sequential evaluation process for determining disability" to be a refusal to give res judicata to Decision #1 only as far as the presumption of continuing nondisability was concerned. [*See* AR 25.] ALJ Pease did not cite to any of the records relating to any point prior to the amended onset date, which correlates to the period covered by Decision #1.[4] [*See* AR 21-45.]

ALJ Pease did not err when he only considered evidence from the relevant

---

[3] At Hearing #2, Plaintiff's attorney stated that "[s]ince then" Plaintiff has "had decreased lumbar spine range of motion along with shoulder range of motion decreases" and an x-ray showing "marked degenerative disc disease," and concluded that "since the last hearing, her conditions have gotten substantially worse." [AR 89-90.] This information is relevant to rebutting the presumption of continuing nondisability by showing changed circumstances, but is irrelevant to revisiting the prior decision, because it only pertains to the period after Decision #1.

[4] ALJ Pease generally cited to exhibits using numbers beginning with "B", but in one instance cited to "Exhibit 13F, pp. 1-3." [AR 31.] A review of the exhibits shows that the medical record ALJ Pease cited is currently marked as Exhibit B13F within the record before this Court, which pertains to the period of April 22, 2013 to September 25, 2014. [*See* AR 31, 879-81, 1512-35.]

period. Because Plaintiff amended her alleged onset date, the relevant period under review began on October 12, 2011. An ALJ *may* consider evidence from before the relevant period, *see Lester v. Chater*, 81 F.3d 821, 826, 827 (9th Cir. 1996) (considering evidence from treating physician from two months before prior ALJ denial of disability), and where there was no previously-adjudicated period may even be required to consider some medical opinion evidence from before the relevant period, *see Williams v. Astrue*, 493 Fed. Appx. 866, 868 (9th Cir. 2012) (finding ALJ erred when failing to consider medical opinions from before alleged onset of disability, but finding error harmless). However, ALJ Pease was not *required* to consider evidence that fell both within a previously-adjudicated period and outside of the period under review. *See Sampson v. Berryhill*, No. C17-5359-MAT, 2018 WL 836053, at *2 (W.D. Wash. Feb. 13, 2018); *Simmons v. Astrue*, No. CIV. 08-6040-HU, 2009 WL 1076801 (D. Or. Apr. 20, 2009); *Billy D. v. Comm'r of Soc. Sec.*, No. 2:18-CV-0015-TOR, 2018 WL 3747803, at *7-8 (E.D. Wash. Aug. 7, 2018). Further, ALJ Pease did not err when he refused to consider evidence of disability from the already-adjudicated period, because doing so could have inadvertently reopened Decision #1 by considering on the merits the issue of Plaintiff's disability during the previously-adjudicated period. *See Lester*, 81 F.3d at 827; *see also Lewis*, 236 F.3d at 510; *Simmons*, 2009 WL 1076801 *2.

Plaintiff argues that because Dr. Luciano's opinion was submitted to the Appeals Council when Plaintiff requested review of Decision #1 and the Appeals Council denied review, ALJ Pease was required to discuss Dr. Luciano's opinion. [Pltf.'s Br. at 7-8]. Plaintiff argues that she "has been deprived of full and fair consideration of Dr. Luciano's August 25, 2011 opinion" because it was submitted to the Appeals Council, which, unlike the ALJ, is not required to discuss the opinion but must review the case only if there is "a reasonable probability that the additional evidence would change the outcome of the decision." [Pltf.'s Br. at 7]; 20 C.F.R. §§ 404.970(a)(5); 416.1470(a)(5). Plaintiff, however, had the opportunity to appeal the

Appeal's Council review denial and did not do so.  Plaintiff also had the opportunity to petition the Commissioner to reopen Decision #1 and did not do so.[5]

Although Plaintiff attempts to frame the argument in terms of the impact Dr. Luciano's opinion had on the RFC for the current period, this argument fails to account for the fact that the opinion was written during a time period in which Plaintiff was found to be not disabled in an administratively final decision.  Dr. Luciano's opinion was written during the previously adjudicated period of non-disability and was not significantly probative evidence of Plaintiff's alleged disability after the amended onset date.  *See Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (concluding ALJ "not required to discuss evidence that is neither significant nor probative"); *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008) ("Medical opinions that predate the alleged onset of disability are of limited relevance.").  Further, contrary to Plaintiff's argument, the fact that Dr. Luciano's assessment was a prophylactic limitation further undermines the relevance of his opinion.  *See Steingold v. Astrue*, No. CV 11-7700 JC, 2012 WL 1020172, at *4 (C.D. Cal. Mar. 26, 2012) ("Since prophylactic measures are intended to prevent injury, they do not reflect existing limitations.  Evidence that a physician recommended prophylactic restrictions in connection with a workers' compensation case, on its own, would not be probative of an existing limitation that an ALJ would be required to consider in connection with evaluating residual functional capacity.").

Because Dr. Luciano's opinion was written during the previously-adjudicated period of non-disability and was not significantly probative evidence of Plaintiff's alleged disability after the amended onset date, ALJ Pease was not required to

---

[5] Of note, Hearing #2, where Plaintiff first agreed to amend the alleged onset date, occurred on March 9, 2015, within the four-year period after Decision #1 in which Plaintiff could have requested reopening Decision #1 for good cause.  20 C.F.R. §§ 404.970, 404.981, 416.1470, 416.1481.

9

consider the August 25, 2011 opinion.  As a result, no reversible error exists.

## V. CONCLUSION

For all of the foregoing reasons, **IT IS ORDERED** that:

(1) the decision of the Commissioner is AFFIRMED and this action is DISMISSED WITH PREJUDICE; and

(2) Judgment be entered in favor of the Commissioner.

DATED: January 7, 2019

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE